JAMES M. DOWD (SBN: 259578)
james.dowd@wilmerhale.com
BILL WARD (SBN: 246472)
bill.ward@wilmerhale.com
DEREK A. GOSMA (SBN: 274515)
derek.gosma@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

ROBERT J. GUNTHER, JR. (admitted *pro hac vice*)
robert.gunther@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Attorneys for Defendant
ROCHE MOLECULAR SYSTEMS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ONE LAMBDA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROCHE MOLECULAR SYSTEMS, INC., a Delaware corporation<br><br>Defendant. | Case No. CV 11 00754 RSWL (FFMx)<br><br>**SUPPLEMENTAL DECLARATION OF DR BALZ GROSS IN SUPPORT OF ROCHE MOLECULAR SYSTEMS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, STAY THE PROCEEDINGS**<br><br>Hearing Date: April 26, 2011<br><br>The Hon. Ronald S.W. Lew<br><br>**PUBLIC REDACTED VERSION** |

I, Dr Balz Gross, hereby declare as follows:

1. I am an attorney at and partner of the law firm of Homburger, counsel for Defendant Roche Molecular Systems, Inc. ("Roche Molecular") and non-party F. Hoffmann-La Roche, Ltd ("Hoffmann-La Roche") ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ My practice focuses on international arbitration, mostly international arbitration proceedings before the International Court of Arbitration. I previously submitted a declaration in support of Roche Molecular's Motion to Dismiss the Complaint or, in the Alternative, Stay the Proceedings, filed in this Court on March 18, 2011.  I now submit this supplemental declaration in support of the Reply Memorandum In Support of Roche Molecular's Motion to Dismiss the Complaint or, in the Alternative, Stay the Proceedings.  I have personal knowledge of the facts set forth herein, unless otherwise stated, and, if called upon to testify as a witness, I could and would competently testify thereto under oath.

2. I have reviewed the Declaration of Michel Haymann In Support Of Plaintiff's Opposition To Defendant's Motion To Dismiss and the references cited therein. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16  ███  Attached as **Exhibit A** is a true and correct copy of ███

17

18

19

20  4.  ███

21

22

23

24

25

26

27

28

SUPPLEMENTAL DECLARATION OF BALZ GROSS IN SUPPORT  CV 11-00754-RSWL-FFM
OF ROCHE MOLECULAR'S REPLY MEMORANDUM

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

[REDACTED] (see Berger/Kellerhals, International and Domestic Arbitration in Switzerland, 2nd ed., 2010, note 1072: "In other words, the arbitral tribunal may only suspend its proceedings in extraordinary situations, whether based upon a statutory provision or for other compelling reasons."; Berger/Kellerhals refer to the Swiss Federal Supreme Court cases 4P.64/2004 of June 2, 2004, consideration 3.2 and DTF 119 II 386 consid. 1 b and 127 III 279 consid . 2a-b).; true and correct copies of the relevant pages of Berger/Kellerhals are attached as **Exhibit B**). Moreover, the Swiss Federal Supreme Court, the highest court in Switzerland, which also hears final

1  appeals against arbitral awards in international matters, has held that an arbitral

2  tribunal should, in case of doubt, accord priority to the principle of dispatch because

3

4  any stay of proceedings normally leads to a delay or even a denial of justice

5  (Berger/Kellerhals, op.cit,, note 1071 with reference to Swiss Federal Supreme Court

6  case 4P.64/2004 of June 2, 2004, consideration 3.2). ■■■

7  ■■■

8  ■■■

9  ■■■

10 ■■■

11

12    5.  ■■■

13 ■■■

14 ■■■

15 ■■■

16 ■■■

17 ■■■

18    6.  ■■■

19

20 ■■■

21 ■■■. The Swiss Federal Supreme

22 Court, the highest court in Switzerland which also hears all appeals against

23

24 international arbitral awards, has held that it shall be assumed that the parties, "if they

25 have indeed concluded an arbitration agreement, wish the arbitral tribunal to have

26

27 broad jurisdiction" (Swiss Federal Supreme Court decision in DTF 116 Ia 56 consid.

28 3b to which Berger/Kellerhals, op. cit., note 422 also refer (attached as **Exhibit B**);

- 5 -

SUPPLEMENTAL DECLARATION OF BALZ GROSS IN SUPPORT      CV 11-00754-RSWL-FFM
OF ROCHE MOLECULAR'S REPLY MEMORANDUM

same decision of the Swiss Federal Supreme Court in DTF 129 III 675 consid. 2.3).



7. ██████████████████████████████████ under Swiss contract law, a declaration or ruling of patent invalidity only alleviates a licensee of <u>future</u> royalty obligations, but does not have an effect on the licensee's obligation to pay past-accrued royalties.  In particular, the Swiss Federal Supreme Court – the highest court in Switzerland – has confirmed that, following a declaration of patent invalidity, a patent licensor does not give up royalties that had previously accrued under the license agreement before the declaration of invalidity.  It first expressed this view in 1949, in the case of Soleà v. Rosenberger & Hollinger, where it reasoned that "even if the nullified patent […]  must be considered non-existing *ex tunc*, it has nevertheless, due to its issuance by a public authority and its putative existence based on such issue, created certain effects, which to some extent can no longer be eliminated.";  it concluded that "it is only right, despite the declaration of nullity, to

- 6 -
SUPPLEMENTAL DECLARATION OF BALZ GROSS IN SUPPORT         CV 11-00754-RSWL-FFM
OF ROCHE MOLECULAR'S REPLY MEMORANDUM

grant the licensor a claim to the license fee for the past at least as a matter of principle, irrespective of whether the licensee exploited the patent or not." (see DTF 75 II 166, 170 et seq.). This decision, of which a true and correct English translation is attached as **Exhibit C**, was confirmed by the Swiss Federal Supreme Court in 1959 and in 1990 (see DTF 85 II 39 and DTF 119 II 191). This case law is essentially undisputed among Swiss legal scholars.

8. ████████████████████████████████████████████████ ████████████████ the Swiss Federal Patent Court Act. ████████████████████ ████████████████████████ have not entered into effect and do not have the force of law. In particular, ████████████████████ Article 26, para. 3 of the Swiss Federal Patent Court Act, which provides that, in the event that a party alleges the invalidity of a patent, cantonal proceedings are to be stayed until the Swiss Federal Patent Court has decided on the patent's validity. This provision, however, is not in effect because it presupposes the existence of the Swiss Federal Patent Court—a court that has not yet been established. Because Article 26, para. 3 of the Swiss Federal Patent Court Act is not in effect, cantonal courts today have no obligation to stay proceedings in cases in which a party alleges a patent's invalidity. Furthermore, it is uncertain when the Act will enter into full effect or when the Federal Patent Court will hold its first session. Perhaps most importantly, the Act does not apply to arbitrations. ████████████

- 7 -
SUPPLEMENTAL DECLARATION OF BALZ GROSS IN SUPPORT                CV 11-00754-RSWL-FFM
OF ROCHE MOLECULAR'S REPLY MEMORANDUM

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

█████████████████████████████

Executed this 12th day of April, 2011 in Zürich, Switzerland.

_____
Dr Balz Gross

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071